# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susan Kettlewell, et al., | No. CV-25-00491-TUC-RM |
| Plaintiffs, | **ORDER** |
| v. | |
| Kristi Noem, et al., | |
| Defendants. | |

Plaintiffs are 53 unaccompanied immigrant children from Guatemala, appearing through their next friend, retired Pima County Juvenile Court Commissioner Susan Kettlewell, and the Florence Immigrant and refugee Rights Project, the organization that provides legal services for Plaintiff Children. Plaintiffs filed a Complaint for injunctive and declaratory relief and a Motion for Temporary Restraining Order and for Preliminary Injunction. (Docs. 1-2.) The Court grants a temporary restraining order without notice.

Plaintiffs allege the Plaintiff Children are all in custody of the Office of Refugee Resettlement in shelters in Phoenix and Tucson, Arizona. (Doc. 1 ¶ 1.) Plaintiffs allege Defendants[1] plan to imminently remove them to Guatemala despite the lack of valid removal orders.[2] (Doc. 1 ¶ 2.) Plaintiffs seek a temporary restraining order "ordering

---

[1] Kristi Noem, Secretary of the Department of Homeland Security; Todd Lyons, Acting Director of U.S. Immigration and Customs Enforcement; Robert F. Kennedy Jr., Secretary of the Department of Health and Human Services; and Angie Salazar, Acting Director of the Office of Refugee Resettlement.

[2] Plaintiff Children allege they are in two procedural postures in removal proceedings. The first group of Plaintiff Children 1-46 are in removal proceedings, but those proceedings have not concluded. The second group of seven Plaintiff Children 47-53 are not currently in removal proceedings but are entitled to the protection of the TVPRA,

Defendants to retain all Child Plaintiffs in ORR custody or be placed in the least restrictive setting in the U.S. that is in the child's best interest until their cases are adjudicated by an immigration judge or they have a meaningful opportunity to challenge summary dismissals of their removal proceedings." (Doc. 1 ¶ 6.)

Plaintiffs allege all 53 children have been designated as unaccompanied immigrant children pursuant to 6 U.S.C. § 279(g)(2). (Doc. 1 ¶ 10.) This designation triggers protection under the Trafficking Victims Protection Reauthorization Act (TVPRA), which requires unaccompanied children to be placed in removal proceedings before an immigration judge. (Doc. 1 ¶ 19-20.) Section 235(a)(5)(D) of the TVPRA states that "[a]ny unaccompanied alien child sought to be removed by the Department of Homeland Security… shall be…placed in removal proceedings under section 240 of the Immigration and Nationality Act (8 U.S.C. 1229a)." (*Id.*)

Plaintiffs allege Defendants intend to remove them imminently from the United States without receiving all of the protections of the removal process. These accounts were allegedly confirmed by the Guatemalan Ministry of Foreign Affairs and several families of the Plaintiff Children indicating they will be removed. (Doc. 1 ¶ 27.) Based on these facts, Plaintiff raise four claims for relief: violation of the TVPRA; violation of 8 U.S.C. § 1229(a); violation of the Administrative Procedure Act; and violation of the Fifth Amendment's due process clause. (Doc. 1 at 12-15.)

In the Ninth Circuit, "a Plaintiffs seeking a stay of removal must show that irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the Plaintiffs' favor." *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011) (discussing application of *Nken v. Holder*, 556 U.S. 418, 444 (2009)); *see also Winter v. Natural Resources Defense*

---

including the right to removal proceedings under INA § 240. One plaintiff in the second group has a pending motion to reopen his removal order and his removal is stayed for the pendency of that motion.

1 | *Council, Inc.*, 555 U.S. 7, 20 (2008).[3]

Unlike a preliminary injunction, *see* Fed. R. Civ. P. 65(a), a temporary restraining order (TRO) may be entered "without written or oral notice to the adverse party." Fed. R. Civ. P. 65(b). A TRO may issue, ex parte, if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before* the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b) (emphasis added).[4]

In their Complaint, Plaintiffs seek to enjoin their removal, require Defendants to perform their statutory obligations under the TVPRA, and require Defendants to keep Plaintiffs in ORR care and custody until their individual cases are adjudicated consistent with statutory requirements by an immigration judge. Section 235(a)(5)(D) of the TVPRA states that "[a]ny unaccompanied alien child sought to be removed by the Department of Homeland Security… shall be…placed in removal proceedings under section 240 of the Immigration and Nationality Act (8 U.S.C. 1229a);" see also Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), Pub. L. No. 110-457, 122 Stat. 5044, and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229a.

At this juncture, the Court finds a temporary restraining order appropriate as the evidence creates serious questions whether Defendants are attempting to remove Plaintiff Children in violation of the TVPRA and their rights to removal proceedings before an immigration judge. Because removal would deprive Plaintiff Children of their rights to

---

[3] Where a party "can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the [party]'s favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this Ninth Circuit "serious questions" test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

[4] Plaintiffs attach an affidavit from counsel including emails to Defendants requesting compliance with their statutory obligations, but those requests were ignored.

the removal process, they have alleged that it is probable that they would suffer irreparable harm absent a stay. They have also shown a substantial case on the merits, without prejudice to Defendants demonstrating the contrary. Lastly, the balance of hardships tips sharply in Plaintiffs' favor. A stay will maintain the status quo until Defendants have had an opportunity to brief the Complaint and Motion for Preliminary Injunction and will facilitate a considered review of the parties' arguments by the Court and a reasoned decision on the issues presented.

Accordingly,

**IT IS THEREFORE ORDERED** Plaintiffs' Motion for a Temporary Restraining Order without notice (Doc. 2) is **granted**. Defendants are enjoined from removing Plaintiff Children from the United States pending further order of this Court as detailed herein. No bond is appropriate. Plaintiffs' request for a Preliminary Injunction remains pending.

**IT IS FURTHER ORDERED** this Order shall expire fourteen days after issuance unless it is extended by subsequent order.

**IT IS FURTHER ORDERED** the Clerk of Court must immediately transmit by email a copy of this Order and a copy of Plaintiffs' Complaint and Motion (Docs. 1, 2) to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, and Lon Leavitt at lon.leavitt@usdoj.gov.

**IT IS FURTHER ORDERED** if not already issued, the Clerk's Office must issue any properly completed summonses.

**IT IS FURTHER ORDERED** Counsel for Plaintiffs must immediately serve the Complaint and Motion upon Counsel for Defendants.

**IT IS FURTHER ORDERED** Counsel for Defendants must file a response to the Motion for Preliminary Injunction no later than Monday September 8, 2025. Plaintiffs may file a Reply no later than Wednesday September 10, 2025. After reviewing briefing from the parties the Court will set a hearing on Plaintiffs' Motion for Preliminary

Injunction if appropriate.

Dated this 31st day of August, 2025.

_____
Honorable Rosemary Márquez
United States District Judge