# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susan Kettlewell, et al., | No. CV-25-00491-TUC-RM |
| Plaintiffs, | **ORDER** |
| v. | |
| Kristi Noem, et al., | |
| Defendants. | |

Pending before the Court is the Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction Regarding 12 Honduran Unaccompanied Children and 4 Additional Guatemalan Unaccompanied Children. (Doc. 13-1.)

On August 30, 2025, Plaintiffs filed a Complaint for Injunctive and Declaratory Relief (Doc. 1) and Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2). On August 31, 2025, the Court issued a Temporary Restraining Order, enjoining the removal of the Plaintiff Children named in the Complaint for Injunctive and Declaratory Relief. (Doc. 7.)

On September 5, 2025, Plaintiffs filed an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1), which provides that a pleading may be amended as a matter of course within twenty-one days after it is served. (Doc. 13.) Plaintiffs attached to the Amended Complaint[1] a new Motion for Temporary Restraining Order and Preliminary Injunction, requesting that this Court enjoin the removal of four additional Guatemalan

---
[1] Plaintiffs are advised that motions should be filed separately on the docket, rather than as attachments to pleadings.

children and twelve Honduran children ("the new Plaintiffs") that were added to the Amended Complaint. (Doc. 13-1.)[2] For the following reasons, the Court will grant Plaintiffs' new Motion for Temporary Restraining Order and enjoin Defendants from removing the new Plaintiffs from the United States.

## I. Legal Standard

In the Ninth Circuit, "a Plaintiff seeking a stay of removal must show that irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the Plaintiffs' favor." *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011); *see also Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

Unlike a preliminary injunction, *see* Fed. R. Civ. P. 65(a), a temporary restraining order may be entered "without written or oral notice to the adverse party." Fed. R. Civ. P. 65(b). A TRO may issue *ex parte* if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

## II. Discussion

Plaintiffs allege that like the children whose removal this Court enjoined in its August 31, 2025 Temporary Restraining Order, the new Plaintiffs are designated as unaccompanied immigrant children pursuant to 6 U.S.C. § 279(g)(2). (Doc. 13 at 5.)[3] Unaccompanied immigrant children are entitled to the protections of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), which requires any unaccompanied

---

[2] Plaintiff Children allege that they are in two procedural postures in removal proceedings. Plaintiff Children 1-48, 57, and 59-69 are in removal proceedings which have not concluded. Plaintiff Children 49-56 and 58 are not currently in removal proceedings but allege they are entitled to the protections of the TVPRA, including the right to removal proceedings under INA § 240. All plaintiffs except one lack valid removal or voluntary departure orders signed by an immigration judge.

[3] All record citations herein refer to the page numbers generated by the Court's electronic filing system.

immigrant child sought to be removed by the Department of Homeland Security to be placed in removal proceedings before an immigration judge. 8 U.S.C. § 1232(a)(5)(D) ("Any unaccompanied alien child sought to be removed by the Department of Homeland Security . . . shall be . . . placed in removal proceedings under section 240 of the Immigration and Nationality Act[.]"). Plaintiffs argue that denying children access to removal proceedings under section 240 of the Immigration and Nationality Act violates the TVPRA, and that once removal proceedings under section 240 are initiated, only an immigration judge can decide whether an unaccompanied immigrant child is removable. (Doc. 13-1 at 5-6.)

Plaintiffs allege that Defendants seek to remove Honduran Plaintiff Children from the United States without valid removal orders and without the protections required by the TVPRA. (*Id.* at 7.) This was allegedly confirmed by the Honduran Foreign Ministry. (*Id.* at 4.) Plaintiffs further allege that Defendants similarly seek to remove the four additional Guatemalan children added to the Amended Complaint without valid removal orders and without the protections required by the TVPRA. (Doc 13 at 2-3; Doc. 13-1 at 2.) The new Plaintiffs ask that this Court enjoin their removal, require Defendants to perform their statutory obligations under the TVPRA, and require Defendants to keep the new Plaintiffs in Office of Refugee Resettlement care and custody until their individual cases are adjudicated by an immigration judge consistent with statutory requirements. (Doc. 13-1 at 14.)

At this juncture, the Court finds a temporary restraining order appropriate, as the evidence creates serious questions as to whether Defendants are attempting to remove the new Plaintiffs in violation of the TVPRA. Because removal would deprive the new Plaintiffs of their rights to the statutorily prescribed removal process, they have alleged that it is probable that they would suffer irreparable harm absent a stay. They have also shown a substantial case on the merits, without prejudice to Defendants demonstrating the contrary. Lastly, the balance of hardships tips sharply in the new Plaintiffs' favor. A stay will maintain the status quo until Defendants have had an opportunity to respond to the

First Amended Complaint and Motion for Preliminary Injunction, allowing for a considered review of the parties' arguments and a reasoned decision on the issues presented.

Accordingly,

**IT IS ORDERED** that Plaintiff's new Motion for Temporary Restraining Order (Doc. 13-1) is **granted**. Defendants are enjoined from removing the new Plaintiff Children—four Guatemalan children and twelve Honduran children—named in the First Amended Complaint from the United States pending further Order of the Court as detailed herein. No bond is appropriate. Plaintiff's request for a Preliminary Injunction remains pending. All provisions of the Court's August 31, 2025 Order remain in full force and effect.

**IT IS FURTHER ORDERED** that this Order shall expire **fourteen (14)** days after issuance unless it is extended by subsequent Order of the Court.

**IT IS FURTHER ORDERED** the Clerk of Court shall immediately transmit by email a copy of this Order and a copy of Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief and Motion for Temporary Restraining Order and Preliminary Injunction Regarding 12 Honduran Unaccompanied Children and 4 Additional Guatemalan Unaccompanied Children (Doc. 13) to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, and Lon Leavitt at lon.leavitt@usdoj.gov.

Dated this 8th day of September, 2025.

_____
Honorable Rosemary Márquez
United States District Judge