**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Susan Kettlewell, et al.,

Plaintiffs,

v.

Kristi Noem, et al.,

Defendants.

No. CV-25-00491-TUC-RM

**ORDER**

Pending before the Court is Plaintiffs' Motion to Dismiss Plaintiffs M.M.M.V., S.P.S., and H.E.P.X. (Doc. 46), Defendants' Motion to Strike (Doc. 51), and the parties' Notice of Supplemental Authority and Joint Motion for Supplemental Briefing (Doc. 55). The Motion to Dismiss Plaintiffs is fully briefed (Docs. 47, 48), as is the Motion to Strike (Docs. 53, 54). For the following reasons, the Court will grant the Motion to Dismiss Plaintiffs, grant in part and deny in part the Motion to Strike, and grant in part the Joint Motion for Supplemental Briefing.

**I. Motion to Dismiss Plaintiffs**

In the Motion to Dismiss Plaintiffs, Plaintiffs move under Federal Rule of Civil Procedure 21 to dismiss Plaintiffs M.M.M.V., S.P.S., and H.E.P.X. from this action because they have obtained the relief sought in this matter—to be placed in formal removal proceedings before an immigration judge and to remain in the United States throughout the pendency of those proceedings. (Doc. 46 at 2; *see* Doc. 13). Plaintiffs state that M.M.M.V., S.P.S., and H.E.P.X. have each been granted a voluntary departure order from an

immigration judge and have been discharged from Office of Refugee Resettlement ("ORR") care; therefore, "their individual claims have been resolved." (*Id.*) Defendants do not oppose the Motion to Dismiss Plaintiffs.[1] (Doc. 47.)

Rule 21, entitled "Misjoinder and Nonjoinder of Parties," provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party." Rule 21 is typically used to cure defects in joinder and to perfect a federal court's diversity jurisdiction. *Robinson v. Bank of Am.*, N.A., No. 12-CV-983-MMA (NLS), 2012 WL 13176328 at *3 (S.D. Cal. July 25, 2012).

Rule 41(a)(1)(A)(i) provides that a plaintiff "may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Rule 41 "permits dismissal 'whether it is fewer than all the defendants against whom a dismissal is sought to be taken, or fewer than all the plaintiffs who seek to withdraw from the action.'" *Pedrina v. Chun*, 987 F.2d 608, 610 n.2 (9th Cir. 1993).

Given that Rule 21 generally applies to misjoinder of parties, and because a plaintiff may dismiss all of his claims under Rule 41(a)(1)(A)(i) as a matter of right, the Court finds that Rule 41(a)(1)(A)(i) is a more appropriate vehicle to accomplish the relief sought in the Motion to Dismiss Plaintiffs.[2] Regardless of the procedural mechanism discussed by Plaintiffs, the Court will grant the Motion to Dismiss Plaintiffs because Plaintiffs are entitled to dismiss any claims in this action before Defendants serve an answer or motion for summary judgment and, furthermore, because Defendants do not oppose the Motion to Dismiss.

---

[1] Although Defendants do not oppose the Motion to Dismiss Plaintiffs, Defendants do object to a statement made by the Deputy Director of the Florence Project in a Declaration filed in support of the Motion regarding the length of children's stays in ORR custody. (Doc. 47 at 2.) Since the statement at issue is irrelevant to the relief requested in the Motion to Dismiss, the Court will not address the parties' dispute over the veracity of the statement.

[2] The Court notes that at least one district court has observed uncertainty as to whether Rule 21 or Rule 41 applies in circumstances where one of multiple plaintiffs seeks to dismiss all his claims in an action. *Craig v. Am. Tuna, Inc.*, No. 22-CV-00473-RSH-MSB, 2023 WL 4336709 at *1 n.3 (S.D. Cal. June 20, 2023).

## II. Motion to Strike

On May 21, 2026, Plaintiffs filed a document entitled Notice of Supplemental Information Relevant to Plaintiffs' First Amended Complaint. (Doc. 49.) The Notice of Supplemental Information contains a letter from the United States Senate Committee on Finance to the Secretary of Health and Human Services. (*Id.*) Also on May 21, 2026, Plaintiffs filed an additional document entitled Notice of Supplemental Authority. (Doc. 50.) The Notice of Supplemental Authority stated that it was also filed in support of Plaintiffs' First Amended Complaint. (Doc. 50.) It contains an opinion issued by the United States District Court for the Northern District of Illinois on May 12, 2026. (*Id.*)

In the Motion to Strike, Defendants argue that both the Notice of Supplemental Information and the Notice of Supplemental Authority must be stricken because Federal Rule of Civil Procedure 15 prohibits the amendment of pleadings absent leave of Court or consent of the opposing party. (Doc. 51 at 2.) In response, Plaintiffs assert that the Motion to Strike should be denied as moot because the Notice of Supplemental Information and Notice of Supplemental Authority were incorrectly linked to the First Amended Complaint. (Doc. 53.) Plaintiffs aver that the Notice of Supplemental Information should have been linked to the Motion to Dismiss Plaintiffs, discussed above, and that the Notice of Supplemental Authority should have been linked to Defendants' Motion to Dismiss. (Doc. 53 at 1.) In reply in support of the Motion to Strike, Defendants argue that even if Plaintiffs did intend to file the Notices in support of the Motion to Dismiss Plaintiffs and Defendants' Motion to Dismiss, respectively, there are still no grounds upon which the Notices could have been properly filed. (Doc. 54.)

Under Local Rule of Civil Procedure ("LRCiv") 7.2(m), a party may move to strike "any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." A motion is fully briefed upon the filing of a response and reply. LRCiv 7.2(c)-(d). Plaintiffs identify no authority for the proposition that filings containing additional evidence are permitted following the completion of briefing on a motion. (*See* Doc. 53.) Since filings containing additional evidence following the

completion of briefing on a motion are not authorized by statute, rule, or court order, the Notice of Supplemental Information will be stricken.

A notice of supplemental authority is appropriate to inform the Court of newly decided cases following the completion of briefing on the dispute before it, as long as the notice contains no additional argument. *Schnellecke Logistics USA LLC v. Lucid USA Inc.*, No. CV-22-01893-PHX-SMB, 2023 WL 5720242 at *1 (D. Ariz. Apr. 12, 2023). Here, Plaintiffs' Notice of Supplemental Authority is appropriate because it merely informs the Court of a newly decided case, and unlike the Notice of Supplemental Information, does not contain new evidence. The Notice of Supplemental Authority includes a brief description of the case, but Defendants do not contend that the description constitutes forbidden additional argument (*see* Docs. 51, 54), and the Court finds that the short description is not improper so as to warrant striking the filing. Accordingly, Defendants' request to strike the Notice of Supplemental Authority will be denied.

**III. Notice of Supplemental Authority and Joint Motion for Supplemental Briefing**

In the parties' Notice of Supplemental Authority and Joint Motion for Supplemental Briefing, the parties explain that on August 7, 2026, the Ninth Circuit issued an *en banc* opinion regarding organizational standing in *Arizona Alliance for Retired Americans v. Mayes*, No. 22 16490, __ F.4th __ (9th Cir. Aug. 7, 2026) (en banc). Given that Defendants' Motion to Dismiss (Doc. 36) seeks to dismiss the Florence Project from this action on the basis that it lacks organizational standing, the parties propose submitting supplemental briefing within forty-five days of the date the Court rules on the Motion to Dismiss.

The Court finds that the interest of judicial economy is served by requiring the parties to re-brief Defendants' Motion to Dismiss—taking into account the Ninth Circuit ruling discussed above and any other newly issued relevant authority—rather than ruling upon the Motion, receiving supplemental briefing, and thereafter risking the need to alter a previous ruling. Accordingly, Defendants' Motion to Dismiss will be denied without prejudice, and the Court sets forth a schedule for re-briefing the Motion below.

**IT IS ORDERED** that Plaintiffs' Motion to Dismiss Plaintiffs M.M.M.V., S.P.S., and H.E.P.X. (Doc. 46) is **granted**. Plaintiffs M.M.M.V., S.P.S., and H.E.P.X. are **dismissed** from this action.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike (Doc. 51) is **partially granted and partially denied**. The Clerk of Court is directed to **strike** Plaintiff's Notice of Supplemental Information Relevant to Plaintiffs' First Amended Complaint (Doc. 49).

**IT IS FURTHER ORDERED** that the parties' Notice of Supplemental Authority and Joint Motion for Supplemental Briefing (Doc. 55) is **partially granted and partially denied**, as set forth above.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. 36) is **denied without prejudice**. Defendants shall refile the Motion to Dismiss as discussed above within **forty-five (45) days** of the date this Order is filed. Plaintiffs shall file a response within **thirty (30) days** of service of Defendants' refiled Motion to Dismiss, and Defendants shall file a reply within **fifteen (15) days** of service of Plaintiffs' response.

Dated this 22nd day of September, 2026.

Honorable Rosemary Márquez
United States District Judge